UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:05CR419** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **CLAYTON B. SMITH,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Clayton B. Smith's ("Petitioner") Motion for Bond, pursuant to 18 U.S.C. § 3143(b)(1), pending disposition of his petition for federal habeas corpus relief under 28 U.S.C. § 2255. (Dkt. # 45).

The Bail Reform Act of 1984, of which 18 U.S.C. § 1343(b)(1) is a part, does not apply to § 2255 habeas proceedings. Fonseca v. United States, 129 F.Supp.2d 1096, 1098 (E.D. Mich. 2001) (citing United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994); United States v. Kelly, 790 F.2d 130, 139 (D.C. Cir. 1986); Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); United States v. Dansker, 561 F.2d 485 (3rd Cir. 1977)). Rather, as the language of § 1343(b) makes clear, the statute applies only to direct appeals, not to collateral attacks.

While a federal court possesses the inherent power to release a habeas petitioner on bond pending a disposition of his habeas claims, Jago v. United States District Court,

1

570 F.2d 618, 623 (6th Cir. 1978), such release is proper only where the petitioner has met a more stringent standard than that required under § 1343(b).  Dotson v. Clark, 900 F.2d 77, 79.

> In order to receive bail pending a decision on the merits [of a habeas petition], prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice.

Id. (quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)).

Petitioner has shown neither a substantial claim of law, nor any circumstances making his motion for bail exceptional or deserving of special treatment. Petitioner's Motion for Bond is, therefore, **DENIED**.

**IT IS SO ORDERED.**

        **/s/ Peter C. Economus – November 6, 2007**
        **PETER C. ECONOMUS**
        **UNITED STATES DISTRICT JUDGE**