## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CLAYTON B. SMITH,** | ) | **CASE NO.   5:05CR419** |
| | ) | **5:07CV3247** |
| **Petitioner,** | ) | |
| | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon Petitioner Clayton B. Smith's  pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (Case No. 5:05CR419, Dkt. #40; Case No. 5:05CV3247, Dkt. # 1).   Respondent has filed a Response (Dkt. #44)[1], and Petitioner has filed a Reply (Dkt. # 47).

## I. FACTUAL BACKGROUND

Petitioner was indicted by the Grand Jury of the United States District Court for the Northern District of Ohio on August 31, 2005, and charged with two counts of mail fraud, in violation of 18 U.S.C. § 1341, (Counts I and II), one count of wire fraud, in violation of 18 U.S.C. § 1343, (Count III), and one count of bank fraud, in violation of 18 U.S.C. § 1344 (Count IV).   (Dkt. # 1).   At arraignment, Petitioner, represented by Assistant Federal Public Defender Dennis Terez, entered a plea of not guilty.  Thereafter, Petitioner retained Attorney Lawrence J. Whitney as defense counsel.  (Dkt. # 9).

---

[1]       Citations to "Dkt." refer to the docket of Case No. 5:05CR419.

1

Petitioner pled guilty without a plea agreement on February 24, 2006.  Prior to sentencing, Petitioner filed a sentencing memorandum wherein he objected to the Sentencing Guidelines calculations presented in the Presentence Investigation Report ("PSI Report").  (Dkt. # 18).  Specifically, the Defendant objected to the $413,681.50 amount of loss calculation determined by the Probation Officer. The Defendant countered that the amount of loss was over $30,000.00 but less than $70,000.00.

A sentencing hearing was held on May 2, 2006, during which the Court ordered the parties to submit supplemental briefs regarding the amount of loss involved for sentencing purposes.  The Court held a second sentencing hearing on August 17, 2006. Finding that the amount of loss totaled $428,772.50, the Court sentenced Petitioner to twenty-seven months imprisonment, followed by three years of supervised release.  (Dkt. # 24, 25).  The Court further ordered Petitioner to pay restitution in the amount of $66,067.79. (Dkt. # 24, 25).

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.  On appeal, Petitioner argued that there was an insufficient factual basis to support his plea of guilty to the four counts of the indictment, and that his sentence was imposed pursuant to an incorrect version of the United States Sentencing Guidelines.  (Dkt. # 43).  The Court of Appeals affirmed Petitioner's conviction and sentence.  Petitioner then filed the instant petition.

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice

2

or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).  Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. LAW AND ANALYSIS

Each of Petitioner's seven claims alleges a different instance of ineffective assistance of counsel.  Such claims are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court devised a two-part inquiry for analyzing claims of ineffective assistance of counsel.  Under the Strickland test, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-94.  Thus, Petitioner must demonstrate both deficient performance and prejudice in order to succeed on his claim. Id. at 686.

### A. Ground One

Petitioner alleges that defense counsel was ineffective for failing to argue that the sentencing enhancement applied by the Court for intended loss in the amount of $400,000.00 was improper because the amount was neither admitted by Petitioner, nor found by a jury beyond a reasonable doubt.  Respondent points out that "the decision in

3

United States v. Booker, 543 U.S. 220 (2005) did not eliminate judicial factfinding," and that "[a]n objection couched on the ground of court-found facts would not be sustained and, thus, failure to object does not constitute deficient performance under the Sixth Amendment." (Dkt. # 44 at 8).

"It is clear under the law of this Circuit that a district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence[.]" United States v. Gardiner, 463 F.3d 445, 461 (6th Cir. 2006). In the wake of Booker, a district court may enhance a defendant's sentence based upon facts not found by a jury, so long as the court does not consider such enhancement mandatory. United States v. Davis, 397 F.3d 340, 352 (6th Cir. 2005) (Cook, J., concurring). In cases involving loss calculation for sentencing purposes, the Sixth Circuit has held that where the sentencing court considers the guidelines advisory and calculates the loss amount based upon evidence in the record, no Booker violation has occurred. See Gardiner, 463 F.3d at 460-61; United States v. Ferguson, 456 F.3d 660, 665 (6th Cir. 2006); United States v. Moffie, 239 Fed.Appx. 150, 153-54 (6th Cir. 2007).

In the instant case, the Court found that the government proved the total amount of actual loss and intended loss by a preponderance of the evidence. (Dkt. # 23 at 6-14; Dkt. # 34 at 49-51); see also Ferguson, 456 F.3d at 665 ("[T]his court and others have repeatedly held since Booker that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to Booker."). Based on the amount of loss and other sentencing

4

factors, the Court then determined the applicable guideline range, noting in both its Sentencing Order and during the August 17, 2006, sentencing hearing, that the guideline range was advisory.  (Dkt. # 23 at 5-6, 15-16; Dkt. # 34 at 47, 50-51, 57-58).  The Court then imposed a sentence within the advisory guideline range.

Under Sixth Circuit law, the Court's calculation of the amount of loss and consideration of such calculation in determining Petitioner's sentence was proper and did not amount to a violation of the principles of <u>Booker</u>.  Thus, any objection based on judicial fact-finding would have been meritless and would not have affected sentencing. Under <u>Strickland</u>, counsel's representation cannot be found to have fallen below an objective standard of reasonableness for failing to make such an objection.  Additionally, because any such objection would have been meritless, Petitioner has not shown the requisite prejudice to establish an ineffective assistance of counsel claim under <u>Strickland</u>.  Therefore, Petitioner is not entitled to relief on his first ground.

### B. Ground Two

Petitioner's second ground alleges that trial counsel was ineffective for "not challenging original jurisdiction and not filing for motion to dismiss."  (Dkt. # 40 at 6). Petitioner argues that, although he was charged in the indictment with wire fraud, mail fraud, and bank fraud, he actually pled guilty to securities fraud.  Therefore, according to Petitioner, his prosecution was barred by the one-year statute of limitations that applies to securities fraud.  This argument is without merit.

"[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and

5

what charge to file or bring before a grand jury, generally rests entirely in his discretion."

Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).  The fact that Petitioner's conduct

may also have brought him within the purview of the securities fraud statute does not

prevent the government from prosecuting him under other applicable statutes.  Under

Strickland, counsel's representation cannot be found to have fallen below an objective

standard of reasonableness for failing to argue that the one-year statute of limitations of

the securities fraud statute barred prosecution of Petitioner on charges of wire fraud, mail

fraud, and bank fraud.  Thus, Petitioner's second ground does not entitle him to relief.

### C. Ground Three

Petitioner contends that trial counsel was ineffective for failing to argue "that there

is [sic] no Federal NSF charges and NSF checks do not constitute any Federal Bank

fraud."  (Dkt. # 40 at 8).  As support for this argument, Petitioner cites Williams v.

United States, 458 U.S. 279 (1982) for the proposition that "[i]t is well settled law for the

purposes of 18 U.S.C. § 1344 non-sufficient checks are neither false nor fraudulent."

(Dkt. # 40-1 at 4).  As Respondent points out, however, the defendant in Williams was

convicted of check kiting under 18 U.S.C. § 1014, not bank fraud.  Section 1014 has as

an element "that the defendant made a 'false statement or report,' or 'willfully

overvalue[d] any land, property or security.'"  Williams, 458 U.S. at 284.  The Supreme

Court reversed the defendant's conviction, holding that, because a check is not a factual

assertion that can be categorized as true or false, the defendant's conduct did not involve

the making of a false statement.  Id. at 284-85.  The Court's holding has no application to

a conviction for bank fraud under § 1344, which does not require the making of a false statement.  See 18 U.S.C. § 1344.

Therefore, under Strickland, counsel's performance did not fall below an objective standard of reasonableness in failing to argue that an NSF check does not constitute bank fraud, as such an argument is meritless.  Thus, Petitioner is not entitled to relief on his third ground.

**D. Ground Four**

Petitioner claims that his trial counsel was ineffective for failing to argue that evidence of loss could not be used in calculating the amount of loss for sentencing purposes, where such evidence was not contained in the indictment or supported by the PSI Report.  Petitioner also alleges that counsel was ineffective for failing to argue that Petitioner's subsequent payment of the amount owed on the NSF check to Second National Bank precluded a conviction for bank fraud.

As Respondent notes, Petitioner's counsel did in fact make both of these arguments in the Post-Hearing Memorandum filed on May 16, 2006, prior to the second sentencing hearing.  (Dkt. # 19).  Specifically, counsel noted that the loss amounts listed in paragraphs 10, 11, 14, and 15 of the PSI Report were not charged in the indictment and argued that such amounts should not be counted as intended loss for sentencing purposes. (Dkt. # 19 at 2-6).  Counsel reiterated his objection to the loss calculation at the August 17, 2006, sentencing hearing.  (Dkt. # 34 at 52).  Regarding the payment of the amount owed on the NSF check, counsel argued that "Defendant contends that he should receive

a credit against the loss in the amount paid to Second National on December 24, 2001. He paid the money before any crime was detected….” (Dkt. # 19 at 2).

Because Petitioner's counsel did in fact make the arguments that Petitioner complains were lacking, Petitioner's claims are without merit. Therefore, Petitioner is not entitled to relief on his fourth ground.

### E. Ground Five

Petitioner claims that counsel was ineffective in failing to argue that Petitioner was entitled to an additional offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Petitioner received a two-level reduction for acceptance of responsibility, but the government declined to move for an additional level at sentencing. (Dkt. # 34 at 51). As a result, Petitioner's adjusted offense level was 18, which produced an advisory guideline range of 27 to 33 months imprisonment. As Petitioner notes, the PSI Report indicated that the government would move for an additional one-level reduction for acceptance of responsibility, resulting in a range of 24 to 30 months.

Section 3E1.1 of the 2001 version of the Sentencing Guidelines, which the parties stipulated would apply for sentencing, states:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
>> (1) timely providing complete information to the government concerning his own involvement in the offense; or

> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
>
> decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (2001).

> In 2003, § 3E1.1 was amended to state:
>
> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (2003) (emphasis added).

From the transcript of the August 17, 2006, sentencing hearing, it is clear that the Court and the parties were operating according to the amended guidelines rather than the 2001 version. Regarding the offense level reduction for acceptance of responsibility, the Court granted two levels and then stated, "If [the government] is of like mind, the court will grant an additional downward point motion. That's only upon motion of the government, otherwise the Court can't grant it, for a total of three for acceptance." (Dkt. # 34 at 51). The government declined to move for a third level and the Court determined the adjusted offense level based on a two-level reduction. Defense counsel did not object to the government's failure to so move, nor did he argue that Petitioner was entitled to the

9

additional level.  Counsel did state, "It was my understanding that – anyway, I always thought the government would recommend the additional point, but I guess not.  I was wrong about that.  But I know the presentence indicates that they would.  Anyway, other than that, we can't do anything about that."  (Dkt. # 34 at 52).

The parties having stipulated to the use of the 2001 version of the sentencing guidelines, Petitioner's counsel should have been aware of the application of those guidelines.  It was clear from the PSI Report that a reduction for acceptance of responsibility under § 3E1.1 was available to Petitioner.  Therefore, it was reasonable to expect that counsel would know that prior to the 2003 amendments, a reduction of one additional level under § 3E1.1(b) did not require a motion by the government.  When the Court mistakenly stated that such was required, Petitioner's counsel should have brought the mistake to the Court's attention and argued for the additional level on behalf of his client.  Instead, counsel noted that he had expected the government to move for the level, but added, "we can't do anything about that."  (Dkt. # 34 at 52).  Counsel's response demonstrates an unfamiliarity with the sentencing guidelines specifically applicable to his client's case.  As a result, the Court finds that counsel's representation fell below an objective standard of reasonableness under Strickland.

The next step in the Strickland inquiry is to determine whether there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 688-94.  That is, the Court must determine whether there is a reasonable probability that Petitioner was prejudiced by counsel's deficient performance.  In this context, the Supreme Court has defined a

10

reasonable probability as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Williams v. Taylor, 529 U.S. 362, 391 (2000). "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." Spencer v. Booker, 254 Fed.Appx. 520, 525 (6th Cir. 2007) (citing Glover v. United States, 531 U.S. 198, 200 (2001)).

Under the 2001 version of the Sentencing Guidelines, Petitioner could have been granted a reduction of one additional level for acceptance of responsibility under § 3E1.1, for a total reduction of three levels under that section. No government motion was required, leaving Petitioner's counsel free to argue for the additional level despite the government's refusal to so move. However, Petitioner must show more than the mere possibility that his sentence may have been reduced but for counsel's deficient performance.

To the contrary, the record indicates a strong likelihood that the Court would not have granted a third level for acceptance of responsibility. Before imposing sentence, the Court noted that Petitioner had sued one of the victims of his fraud, "manipulat[ing] the law in some respects by trying to shift blame to others." (Dkt. # 34 at 57). The Court further observed that "the defendant has difficulty coming to grips with his criminal conduct," and that Petitioner's statement for acceptance of responsibility contained in the PSI Report was "very sterile, lacking any semblance of remorse." (Dkt. # 34 at 58). Furthermore, the additional one-level reduction under § 3E1.1(b) requires timely acceptance of responsibility. As Respondent points out, Petitioner did not communicate

11

his intention to enter his plea of guilty until the final pretrial conference, just over two weeks prior to trial, at which time Respondent asserts that the government was already prepared for trial.  (Dkt. # 44); see also (Dkt. # 16, 17).

Therefore, because Petitioner has failed to demonstrate a reasonable probability under Strickland that but for counsel's unprofessional errors, the result of the sentencing hearing would have been different, his ineffective assistance of counsel claim fails.  Thus, he is not entitled to relief on his fifth ground.

**F. Ground Six**

Petitioner alleges that counsel was ineffective for not arguing that the amount of loss calculation should have been reduced by collateral pledged.  Petitioner contends that because his fraud involved stock, the amount of loss should have been reduced by the amount that the defrauded victims recovered from the sale of the stock upon Petitioner's default, and that his counsel was ineffective for failing to make such an argument.

Petitioner is incorrect in asserting that counsel failed to argue for a reduced loss amount based upon collateral pledged.  Counsel spent a large portion of the Post-Hearing Memorandum filed on behalf of Petitioner addressing precisely this point.  (Dkt. # 19 at 4-6).  Furthermore, during the August 17, 2006, sentencing hearing, the Court noted Petitioner's objection to the loss calculation, which included the argument regarding collateral pledged.  (Dkt. # 34 at 52).

Because Petitioner's counsel did in fact make the argument that Petitioner complains was lacking, Petitioner's claim is without merit.  Therefore, Petitioner is not entitled to relief on his sixth ground.

12

### G. Ground Seven

Petitioner alleges that counsel was ineffective for failing to stipulate to the application of a specific version of the 2001 Sentencing Guidelines.[2]  Petitioner further argues that "[h]ad counsel specified that the earlier version [of the 2001 guidelines] was in effect, and would be used, petitioner would have been sentenced to a lower term." (Dkt. # 40-1 at 6).  According to Petitioner, the use of the later version of the 2001 guidelines resulted in an ex post facto violation.  (Dkt. # 40 at 11).  It is undisputed that Petitioner's counsel did not object to the use of the later version of the 2001 guidelines at sentencing.

"Generally, the district court is instructed to apply the version of the Guidelines in place at the time of sentencing."  United States v. Davis, 397 F.3d 340, 346 (6th Cir. 2005).  Where the application of that version would result in a violation of the *ex post facto* clause of the Constitution, a sentencing court must apply the version of the Guidelines that was in effect at the time of the defendant's offense.  Id.  In the instant case, the parties stipulated "that the 2001 version of the guidelines applies in this matter," but did not specify which version of the 2001 guidelines would be used.  (Dkt. # 34 at 47).

On direct appeal, the Sixth Circuit addressed the use of the November 2001 guidelines.  The Court found that "[t]he factual account of this case, to which [Petitioner] clearly consented and we find was properly accepted, states that his mail-fraud activities continued through December 2001, which means that the November 2001 Guidelines

---

[2] The earlier version of the guidelines, which Petitioner argues should have applied, took effect January 1, 2001.  The Court used the later version of the 2001 guidelines, which took effect on November 1, 2001.

would be the most appropriate," and that "it was proper to apply the November 1, 2001 version of the Guidelines." <u>United States v. Smith</u>, No. 06-4157 at 10 (6th Cir. 2007).

Because the Court applied the correct version of the 2001 Sentencing Guidelines, Petitioner was not prejudiced by counsel's failure to stipulate to the use of either the January 1, 2001, or November 1, 2001, guidelines.  Absent such prejudice, Petitioner cannot succeed on his claim for ineffective assistance of counsel.  <u>Strickland</u>, 466 U.S. at 688-94.  Therefore, Petitioner is not entitled to relief on his seventh ground.

## IV. CONCLUSION

For the reasons stated above, the Court hereby orders that the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DISMISSED**.  (Dkt. # 40).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);    Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

<u>/s/ Peter C. Economus – April 23, 2008</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

14